UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAEKKEUN YOON, et al., | Case No. 2:20-CV-1507 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY Dba TRAVELERS HOME AND MARINE INSURNCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant The Travelers Indemnity Company dba The Travelers Home & Marine Insurance Company's ("Travelers") motion to dismiss plaintiffs' first amended complaint. (ECF No. 6). Plaintiffs Taekkeun Yoon and Su Jung Kim responded in opposition (ECF No. 15) to which Travelers replied (ECF No. 22).

**I.     BACKGROUND**

This is a case about an insurer allegedly mishandling an underinsured/uninsured motorist ("UIM") claim. Insureds Yoon and Kim allege the following:

On or about June 27, 2017, Yoon and Kim were driving northbound on Jones Boulevard in Clark County, Nevada, when non-party driver Bradley Biles rear-ended their deaccelerating car. (ECF No. 1-2 ¶¶ 6–10). Plaintiffs suffered personal injuries and require ongoing treatment. (*Id.* ¶¶ 12–13). Biles had an auto insurance policy with a $30,000 policy limit and settled with plaintiffs for that amount. (*Id.* ¶ 15).

Plaintiffs' auto insurance policy, with UIM coverage of $100,000 per person and $300,000 per accident, was in full force and effect at the time of the collision. (*Id.* ¶¶ 17–19). Plaintiffs filed a UIM claim for their full policy limit, presenting Travelers "with

**James C. Mahan
U.S. District Judge**

$43,624 in past medical specials and $21,375–$44,375 in future medical specials" incurred by Yoon and "$29,663.20 in past medical specials and $13,600–$18,600 in future medical specials" incurred by Kim.  (*Id.* ¶¶ 25–26).   Plaintiffs cooperated with the claim investigation.  (*Id.* ¶ 28).

On or about July 18, 2019, Travelers "made a final settlement offer in the amount of $6,500.00 for [Yoon] and $6,000.00 for [Kim]." (*Id.* ¶ 29).  As of the date of the filing of the complaint, Travelers has not paid anything to plaintiffs nor has it provided "a reasonable explanation of the basis in the insurance policy, with response to the facts of Plaintiff's claim and the applicable law, for the denial of the UIM Claim or for an offer to settle or compromise the UIM Claim."  (*Id.* ¶¶ 31–39).

Plaintiffs alleges five claims for relief: (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) violations of Nevada's Unfair Claims Practices Act, and (5) declaratory relief.  (ECF No. 1-2).

Travelers now moves to dismiss the complaint in full on various grounds.  (ECF No. 6).  First, it claims it is not a party to the insurance contract at issue and was erroneously named as a defendant.  (*Id.* at 6–7).  Second, even if plaintiffs did name the proper entity, the complaint lacks sufficient facts, recites unenforceable insurance regulations from Nevada's Administrative Code rather than the relevant unfair claims practices statute, and erroneously alleges declaratory relief as an independent cause of action.  (*Id.* at 7–13).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

**James C. Mahan**
**U.S. District Judge**

- 2 -

562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The court typically may not consider material beyond the pleadings to evaluate a complaint's legal sufficiency under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the incorporation by reference doctrine, the court can also consider documents whose contents are alleged in a complaint and whose authenticity no party questions but which are *not* attached to the complaint. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015).

### III.   DISCUSSION

All of plaintiffs' claims for relief arise out of the insurance policy contract they executed with their insurer. The implied covenant of good faith and fair dealing arises out of every contractual relationship and "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). Alongside this contractual relationship is a special relationship between an insurer and its insured—akin to a fiduciary relationship—which can give rise to tortious bad faith claims. *Allstate Ins. Co.*

**James C. Mahan
U.S. District Judge**

- 3 -

*v. Miller*, 212 P.3d 318, 325–26 (Nev. 2009). Likewise, Nevada's Unfair Claims Practices Act, Nev. Rev. Stat. § 686A.310 et seq., provides a private right of action for insureds against insurers and imposes liability for enumerated unfair claims practices. *See Hart v. Prudential Prop. & Cas. Ins. Co.,* 848 F. Supp. 900, 903 (D. Nev. 1994).

The court can consider the policy documents without converting this motion into one for summary judgment under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The policy lists the insurer as The Standard Fire Insurance Company which is not a named defendant in this case. Defendant Travelers is not listed as an insurer although it allegedly handled the claims process.

In response, plaintiffs assert that The Standard Fire Insurance Company held itself out as doing business as Travelers. (ECF No. 15 at 2). And if it is truly a separate business entity apart from Travelers, "plaintiff would agree to file an amended complaint listing only The Standard Fire Insurance Company as a defendant in this case. To the extent that defendant does not agree to the same, plaintiff should be given the opportunity to conduct discovery as to the actual, official and formal business entity that owes plaintiffs" duties and obligations." (*Id.*).

Because Travelers is not the insurer named on the policy at issue, plaintiffs' five claims for relief fail to state a claim against Travelers and are dismissed without prejudice. *Cf. Williams v. Travelers Home & Marine Ins. Co.*, No. 2:16-cv-01856-APG-CWH, 2017 WL 937718, at *2 (D. Nev. Mar. 8, 2017) (granting summary judgment for defendant The Travelers Indemnity Company because it was not a party to the insurance contract at issue).

Federal Rule of Civil Procedure 15 requires district courts to "freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). Courts consider various factors when granting leave to amend which include: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Novak v.*

James C. Mahan
U.S. District Judge

- 4 -

1  *United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

Because "there does not appear to be a legal impediment to amending a pleading to add a party . . . pursuant to Rule 15," plaintiffs are granted leave to file an amended complaint. *Long v. Diamond Dolls of Nevada, LLC*, No. 3:19-cv-00652-LRH-CLB, 2020 WL 476363, at *2 (D. Nev. Jan. 29, 2020) (discussing the relationship between Rule 15 and Rule 21); *see also* Fed. R. Civ. P. 15(c)(1)(C) (discussing when an amendment to a pleading relates back to the date of the original pleading when the amendment changes the defending party).

**IV.  CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Travelers' motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED. Plaintiffs' five claims for relief against Travelers are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiffs may file an amended complaint within twenty-one (21) days from the entry of this order.

DATED December 28, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -