UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAEKKEUN YOON, et al., | Case No. 2:20-CV-1507 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY Dba TRAVELERS HOME AND MARINE INSURNCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant The Standard Fire Insurance Company's ("Standard") motion to dismiss plaintiffs' second amended complaint. (ECF No. 27). Plaintiffs Taekkeun Yoon and Su Jung Kim responded in opposition (ECF No. 30) to which Standard replied (ECF No. 33).

**I.    BACKGROUND**

This is a case about an insurer allegedly mishandling an underinsured/uninsured motorist claim. Plaintiffs were rear-ended by non-party driver Bradley Biles. (Second Am. Compl., ECF No. 24 ¶¶ 6–10). They suffered personal injuries and need ongoing treatment. (*Id.* ¶¶ 12–13). Biles settled with plaintiffs for his full $30,000 policy limit. (*Id.* ¶¶ 14–15). Plaintiffs made a claim with Standard for their full $100,000 per person and $300,000 per accident UIM policy limit. (*Id.* ¶¶ 16–19). They presented Standard "with $43,624 in past medical specials and $21,375–$44,375 in future medical specials" incurred by Yoon and "$29,663.20 in past medical specials and $13,600–$18,600 in future medical specials" incurred by Kim. (*Id.* ¶¶ 24–27 (cleaned up)).

**James C. Mahan**
**U.S. District Judge**

After its investigation, Standard "made a final settlement offer . . . of $6,500 for [Yoon] and $6,000 for [Kim]." (*Id.* ¶ 29). Standard has still not made any payments nor has it provided "a reasonable explanation of the basis in the insurance policy, with response to the facts of Plaintiff's claim and the applicable law, for the denial of the UIM Claim or for an offer to settle or compromise the UIM Claim." (*Id.* ¶ 35). Plaintiffs allege five claims for relief: (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) violations of Nevada's Unfair Claims Practices Act, and (5) declaratory relief. (*Id.* ¶¶ 50–94). Standard now moves to dismiss under Rule 12(b)(6). (ECF No. 27).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint

must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III.  DISCUSSION

The gravamen of the second amended complaint is that Standard gave plaintiffs a lowball final settlement offer. (ECF No. 24 ¶¶ 25–35; *see also* ECF No. 30 at 4 n.1 ("Defendant is alleged to have ultimately made an offer to Plaintiff that is approximately $7,000 below Plaintiff [sic] past medical specials, and does not account or [sic] any pain and suffering or the cost of future medical treatment.")). Aside from this, most if not all the complaint is legal conclusions or formulaic recitations of elements or statutes. In fact, *exactly the same formulaic recitations are pled under each claim.* (ECF No. 24 ¶¶ 54, 67, 84). Even so, the court will address some more specific defects of each claim in turn. But plaintiffs may be able to cure some defects through amendment and, after all, the court did not address the sufficiency of plaintiffs' factual allegations in its first dismissal order. (*See* ECF No. 23). Thus, dismissal is without prejudice and with leave to amend where appropriate, giving plaintiffs a third and likely final bite at the apple.

### A.  Breach of Contract

Plaintiffs allege that Standard breached the contract by "failing to honor the UIM insurance contract" and cite to subsections of Chapter 686A of the Nevada Administrative Code. (ECF No. 24 ¶ 54); *see also infra* section III.C. They do not point to any "actual

**James C. Mahan**
**U.S. District Judge**

- 3 -

provision of the insurance policy upon which a breach of contract claim" can be based. (ECF No. 27 at 5). Plaintiffs' breach of contract claim is DISMISSED without prejudice and with leave to amend.

### B. Breaches of the Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing arises out of every contractual relationship and "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). Alongside this contractual relationship is a special relationship between an insurer and its insured—akin to a fiduciary relationship—which can create tort liability. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325–26 (Nev. 2009).

A contractual breach arises when "terms of a contract are literally complied with but one party . . . deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). In other words, a contractual breach of the implied covenant cannot rest on the same conduct as a breach of contract. *Jimenez v. GEICO Gen. Ins. Co.*, 448 F. Supp. 3d 1108, 1113 (D. Nev. 2020). The two claims can be alternative theories of liability but "all elements of each cause of action must be properly pleaded." *Id.* (citation omitted). Plaintiffs have made no allegations that support a contractual breach of the implied covenant. In fact, in pleading the claim, they allege that Standard "failed to honor the UIM insurance contract." (ECF No. 24 ¶ 67); *accord McKinnon v. Hartford Ins. Co. of the Midwest*, No. 2:12-cv-1809-RCJ-CWH, 2013 WL 1088702, at *5 (D. Nev. Mar. 14, 2013) (dismissing a contractual breach of the implied covenant claim).

As to a tortious "bad faith" breach, the insured must plausibly allege that "the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998) *opinion modified on denial of reh'g*, 979 P.2d 1286 (1999). That is, bad faith requires an insurer's denial of benefits to be both objectively and subjectively unreasonable. *Rivas v. Gov't Employees Ins. Co.*, No.

2:20-cv-306-JCM-NJK, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020). And an insurer's honest mistake, bad judgment, or negligence is not enough. *See Miller*, 212 P.3d at 330.

Again, the gravamen of the complaint is that Standard gave plaintiffs a lowball final settlement offer. (ECF No. 24 ¶¶ 25–35). But an allegation that an insurer failed to pay or reasonable settle a claim within the policy limits cannot support a bad faith claim. *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1096 (D. Nev. 2006) ("State Farm did not deny the claim, it just paid a different value than Schumacher requested. Under the reasoning of *Pioneer*, this makes the complaint more of one based upon statutory violations of NRS 686A.310 than it does a bad faith action."); *Kuloloia v. Ohio Security Insurance Co.*, No. 2:18-cv-405-JCM-PAL, ECF No. 25 at 4.

Or as Standard correctly puts it: "There is absolutely no explanation provided as to why [its] counteroffers were unreasonable given the amount of medical treatment and the prior payments [p]laintiffs received from the tortfeasor's insurance policy." (ECF No. 27 at 10). Plaintiffs' contractual and tortious breaches of the implied covenant claims are DISMISSED without prejudice and with leave to amend.

### C. Violations of Nevada's Unfair Claims Practices Act

To start, the complaint is littered with references to Chapter 686A of the Nevada Administrative Code. (ECF No. 24 ¶¶ 33–34, 54, 67, 84).[1] Because the Nevada Department of Insurance has exclusive jurisdiction over these regulations and plaintiffs have not pled that they exhausted their administrative remedies, there is no claim for which relief can be granted under these regulations. *Accord First Nat. Bank of Ely v. Progressive Cas. Ins. Co.*, No. 3:11-cv-00859-RCJ-WGC, 2012 WL 5944847, at *6 (D. Nev. Nov. 27, 2012). Plaintiffs do not dispute this in their opposition. (ECF No. 30).

---

[1] Plaintiffs explain these references as follows: "[T]he First Amended Complaint was plead sufficiently as it relates to Plaintiffs' bad faith claims. However, Defendant complained that NRS 686A.310 was not referenced . . . enough. Therefore, and just to be sure, Plaintiffs included more references to NRS 686A.310 in its Second Amended Complaint. Nevada is a notice-pleading state and Defendants are certainly on notice that Plaintiffs are alleging that Defendants did not live up to \their duty of care as set forth in NRS Chapter 686A and NAC Chapter 686A." (ECF No. 30 at 3). While Nevada may be a notice pleading jurisdiction, this case is in federal court where the days of notice pleading are long gone. *See supra* section II (discussing the *Twombly-Iqbal* pleading standard).

James C. Mahan
U.S. District Judge

- 5 -

Aside from references to unenforceable insurance regulations, the rest of the fourth claim—and most of the complaint—is "nothing more than the language of" Nevada's Unfair Claims Practices Act. *Chang v. CSAA Gen. Ins. Co.*, No. 2:14-cv-1411-GMN-CWH, 2015 WL 1443175, at *2 (D. Nev. Mar. 30, 2015); *see* (ECF No. 24 ¶¶ 54, 67, 84). These "type of cut-and-paste" recitations of elements and statutes are "precisely what the Supreme Court held to be insufficient in *Iqbal* and *Twombly*." *Chang*, 2015 WL 1443175, at *2. Missing are plausible allegations of what exact conduct by Standard—other than offering a lower settlement amount—was an unfair claims practice. (ECF No. 27 at 8).[2] Plaintiffs' claims under Nevada's Unfair Claims Practices Act are DISMISSED without prejudice and with leave to amend.

### D. Declaratory Relief

Declaratory relief is a remedy and not a standalone claim. *Antaredjo v. Nationstar Mortg.*, No. 2:13-cv-1532-JCM-CWH, 2014 WL 298810, at *3 (D. Nev. Jan. 27, 2014). This claim is thus DISMISSED with prejudice. But this dismissal does not preclude plaintiffs from seeking declaratory relief as a remedy for their remaining substantive claims.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Standard's motion to dismiss (ECF No. 27) be, and the same hereby is, GRANTED.

…

…

…

…

…

---

[2] Plaintiffs have the same pleading problems as the plaintiff in *Kuloloia*: "Plaintiff argues that inherent in the factual allegation that Ohio Security offered $80,000 in settlement is the allegation that Ohio Security had no reason or explanation to justify such offer, that Ohio Security failed to investigate the claim, and that Ohio Security therefore violated NRS § 686A.310. The court will not divine such inferences from the mere discrepancy of plaintiff's financial demands and Ohio Security's settlement offer." *Kuloloia*, ECF No. 25 at 5 (internal citations omitted).

IT IS FURTHER ORDERED that plaintiffs may file a third amended complaint within 21 days of this order. Failure to do so with result in dismissal of this case with prejudice.

DATED May 17, 2021.

_____
UNITED STATES DISTRICT JUDGE